**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**DOCKET NO. 3:07-CV-00315-FDW**

| | |
|---|---|
| **CHASE MANHATTAN MORTGAGE CORPORATION; CITIBANK, N.A.,** ) ) ) **Plaintiff,** ) ) ) **vs.** ) ) ) **JIMMY D. PHILLIPS et al.,** ) ) ) **Defendants.** ) ) | **ORDER** |

THIS MATTER comes now before the Court on Plaintiffs' Motion to Remand to State Court (Doc. No. 6) pursuant to 28 U.S.C. § 1447. Defendants, appearing pro se, filed a response (Doc. No. 11) arguing against remand, and also submitted a Motion for Injunctive Relief (Doc. No. 11). For the reasons stated below, Plaintiffs' motion is granted and Defendants' motion is dismissed.

Plaintiffs initiated this foreclosure action before the Clerk of Superior Court in Mecklenburg County, North Carolina General Court of Justice on April 25, 2007. Defendants then removed the case to this Court on July 24, 2007, claiming federal subject matter jurisdiction. Defendants, however, have failed to show how this case, involving a routine foreclosure, meets the standards of 28 U.S.C. § 1331 (federal question), § 1332 (diversity of citizenship), or otherwise provides this Court with original jurisdiction.

It seems unnecessary to state at length that a state foreclosure action does not involve a federal question. See U.S. Dept. of Agriculture-Rural Housing Service v. Brooks, No. 1:06CV188, 2006 WL 2347741 (W.D.N.C. Aug. 11, 2006) (refusing jurisdiction in a state court foreclosure

proceeding). Similarly, it is clear that Defendants were not entitled to remove this case under diversity of citizenship, as the case was brought in North Carolina state court and Defendants are residents of North Carolina. Furthermore, Defendants assertion of a counterclaim pursuant to 12 U.S.C. § 2605(e)(1)(B)(e) does not establish federal question jurisdiction in this Court, particularly in light of Plaintiffs' prompt and timely objection to removal. See Grecon Dimter, Inc. v. Horner Flooring, Co., Inc., 2007 WL 121732 (W.D.N.C. January 11, 2007); 28 U.S.C. § 1447(c) (providing that objection to defect in removal must be made within thirty days). Thus, as the complaint involves neither a federal question nor an issue of diversity of citizenship, this Court does not have jurisdiction and must grant Plaintiff's Motion to Remand.

Plaintiffs argue that they are entitled to attorney's fees under 28 U.S.C. § 1447(c), noting that such an award is within the discretion of the court. Plaintiffs state the proposition that a finding of bad faith is not necessary to award attorney's fees in this context. See John S. Clark Co., Inc. v. Travelers Indem. Co. of Illinois, 359 F. Supp. 2d 429, 442 (M.D.N.C. 2004). However, cases that award attorney's fees in this context typically involve some indication of an improper motive. See, e.g., In re Foreclosure of Deed of Trust Dated February 8, 1999, No. 1:03CV00527, 2003 WL 21664204, (M.D.N.C. July 14, 2003) (awarding attorney's fees where defendants had previously attempted and failed to remove the case and were therefore aware that removal was inappropriate). There is no indication that Defendants in this case had an improper motive to remove. The Court also takes note of the fact that Defendants are proceeding *pro se* and therefore did not have the advise of counsel when they removed the case. Given these circumstances, the Court believes that an award of attorney's fees is inappropriate at this time.

For the reasons stated above, this Court hereby GRANTS Plaintiffs' Motion to Remand to State Court (Doc. No. 6) and DENIES Plaintiffs' request for attorneys' fees. Because this Court

lacks jurisdiction over this matter, Defendants' Motion for Injunctive Relief (Doc. No. 11) is DISMISSED.

IT IS SO ORDERED.

Signed: October 2, 2007

Frank D. Whitney
United States District Judge